UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA BENNETT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:22 CV 1175 RWS |
| JOHNSON & JOHNSON, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion to appoint counsel. [56]. Plaintiff filed this motion despite the stay of this matter. Plaintiff asks the Court to appoint counsel for her because one lawyer she spoke with declined to take the case and she lost her job.

Plaintiff's motion will be denied. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the

case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court believes that appointment of counsel is not warranted at this time. The Court stayed this case to permit plaintiff the opportunity to seek new counsel. The stay remains in place until August 6, 2023, so plaintiff still has ample opportunity to find new counsel. Talking to one attorney is not sufficient to demonstrate to this Court that plaintiff has exercised due diligence in her attempt to find new counsel. Moreover, plaintiff has provided no financial information demonstrating that she is unable to afford an attorney. A conclusory statement regarding her employment status does not meet this requirement. Finally, the information that plaintiff has provided in support of this motion does not demonstrate that appointment of counsel is warranted. Plaintiff's dissatisfaction with previous attorneys is not a sufficient basis for this Court to impose the substantial obligation of court-appointed representation in a civil matter upon a member of this bar. As plaintiff remains convinced her case has substantial settlement value, she should continue her efforts to obtain counsel who will make appropriate fee arrangements with plaintiff to litigate this case. Plaintiff is reminded of her obligations with respect to this case which are set out in the June 7, 2023, Memorandum and Order of Stay.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [56] is denied without prejudice.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE

Dated this 18th day of July, 2023.