UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA BENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22 CV 1175 RWS |
| | ) |
| JOHNSON & JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on a plethora of motions filed by *pro se* plaintiff Lisa Bennett, who "urgently" demands her "right to speak with the Judge before 8/7/2023 and or request an extension of the stay until after I am permitted to speak with the Judge regarding my legitimate case." ECF 59. Plaintiff has no right to have an *ex parte* conference with this Court, and in fact the rules of this Court expressly forbid it. Nor is it appropriate for the Court to address the merits of plaintiff's case, given that no motion to dismiss and/or for summary judgment is pending. The motion for a conference is denied.

As for plaintiff's request to extend the stay of this matter, the Court will extend the stay for another 60 days to permit plaintiff to continue her search for an

attorney.[1]  As I previously explained, plaintiff has no right to counsel in a civil case such as this one, and her allegations of poverty are but one factor in the Court's determination of whether to appoint counsel.  Here, plaintiff continues to insist on the substantial merit and settlement value of her case, which should enable her to secure counsel of her choosing on a contingency basis in this products liability case regardless of any financial difficulties she may be experiencing.  After consideration of the appropriate factors, plaintiff's motion for appointment of counsel is denied without prejudice.

Plaintiff's request for a lien is denied without prejudice to a motion addressing any attorney lien placed on this case filed at the appropriate time.  If, as plaintiff suggests, this lien is an impediment to securing counsel, then plaintiff should inform any new counsel that the Court will take up the motion expeditiously should she choose to file such a motion with an entry of appearance.  In addition, plaintiff should inform any prospective counsel that the Court will permit counsel ample time to familiarize herself with the case prior to setting any case management deadlines, so timing should not be an impediment to representation.  If however, at the conclusion of the stay, plaintiff remains *pro se*,

---

[1] Plaintiff cites her alleged disciplinary complaint against her previous attorneys as a basis for this stay.  The Court is granting the stay to allow plaintiff to direct her efforts toward securing counsel, not because of this unrelated proceeding.  The disciplinary proceeding has no bearing on this case and should not be used in the future as the basis for extensions of time or cited for any other purpose.  This is a products liability case, not an attorney malpractice case.

then she will be expected to coordinate with defense counsel in the filing of joint proposed amended case management order which sets out amended deadlines for this case by **October 18, 2023**.

Finally, David Duree will no longer be notified by the Court's CM/ECF system of future filings in this case per plaintiff's request.  However, docket sheets and Court filings (unless sealed) are public records and accessible to any member of the public, including David Duree, on PACER.  The Court rarely permits a party to file a document under seal and any party, including plaintiff, requesting sealing must adhere to the local rule regarding the filing of documents under seal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's urgent motion to speak with the Judge in person [59] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [60] is denied without prejudice.

**IT IS FURTHER ORDERED** that the motion to extend the stay [62] is granted as follows: **this case is stayed for a period of 60 days**.  If new counsel has not entered an appearance on behalf of plaintiff by that date, plaintiff will be deemed to be proceeding pro se.

**IT IS FURTHER ORDERED** that if no new counsel has entered an appearance on behalf of plaintiff before the conclusion of the stay, then the parties

shall file a joint proposed amended case management order which sets out amended deadlines for this case by **October 18, 2023**.

**IT IS FURTHER ORDERED** that plaintiff's request for a lien [63] is denied without prejudice.

**IT IS FURTHER ORDERED** that after service of this Memorandum and Order, David Duree will no longer be notified by the Court's electronic case filing system of documents filed in this case.

                                                          RODNEY W. SIPPEL
                                                         UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2023.